See also, 749 F.Supp. 1242.

**Petition of ROSENMAN & COLIN Against the State of New York for Payment of Additional Attorneys' Fees in the Case of**

**NATIONAL FOODS, INC., Plaintiff,**

v.

**Schulem RUBIN, individually and as Director of the Kosher Law Enforcement Division of the Department of Agriculture and Markets of the State of New York, Defendant.**

No. 89 Civ. 2930 (MGC).

United States District Court,
S.D. New York.

Dec. 27, 1990.

Rosenman & Colin, New York City by Gerald Walpin, Charles E. Knapp, pro-se.

Robert Abrams, Atty. Gen., State of N.Y., New York City by Barrie Goldstein, for respondent.

Stein, Zauderer, Ellenhorn, Frischer & Sharp, New York City by Eric W. Schmidt, for plaintiff.

## OPINION

CEDARBAUM, District Judge.

In April of 1989, National Foods, Inc. brought an action in this court under 42 U.S.C. § 1983 against Rabbi Schulem Rubin, Director of the Kosher Law Enforcement Division of the New York State Department of Agriculture and Markets. Rubin's motion to dismiss the complaint was granted.

The law firm of Rosenman & Colin ("petitioner"), which represented Rubin in the § 1983 action, now moves for an order directing the State of New York to pay it additional attorneys' fees. New York opposes the motion on the ground that a federal court lacks power to entertain it. Because there is no basis for the exercise of jurisdiction by this court, the motion is denied.

## BACKGROUND

Section 17 of the New York Public Officers Law provides for the defense and indemnification of a state employee who is sued under 42 U.S.C. § 1983 for acts within the scope of his employment. The statute states that such an employee is entitled to representation by the Attorney General, unless the Attorney General finds the representation inappropriate or a competent court finds a conflict of interest, in which case the employee is entitled to representation by private counsel of his choice. Public Officers Law § 17(2)(b) (McKinney 1988).

If the employee sued is entitled to private counsel, the statute provides for payment of attorneys' fees by New York:

> Reasonable attorneys' fees and litigation expenses shall be paid by the state to such private counsel from time to time during the pendency of the civil action or proceeding subject to certification that the employee is entitled to representation under the terms and conditions of this section by the head of the department, commission, division, office or agency in which such employee is employed and upon the audit and warrant of the comptroller.

Public Officers Law § 17(2)(b) (McKinney 1988).

Shortly after the § 1983 action was brought against Rubin, the New York State Attorney General certified, pursuant to § 17(2)(b), that Rubin was entitled to be represented in the action by privately retained counsel, and Rubin retained the law firm of Rosenman & Colin to represent him. When petitioner notified the Office of the State Comptroller, that office advised petitioner that payment of private counsel for state employees pursuant to the Public Officers Law was governed by a state-wide schedule. Petitioner requested an upward departure from the payment schedule, and the Comptroller's Office agreed to pay petitioner's time charges based on hourly rates of $175 for partners' time and $135 for associates' time. These rates were higher than those in the state's schedule, but below those that petitioner had requested, and below the hourly rates customarily charged by petitioner.

In a June 13, 1989 letter to the Comptroller's Office, petitioner agreed to represent Rubin at those rates but protested that they were still too low and noted that it might ask this court to order that fees be paid on the basis of its customary rates. New York paid petitioner a total of $183,559.04 for its representation of Rubin, based on the rates that it had agreed to pay of $175 for partners' time and $135 for associates' time. The fees based on peti-

tioner's customary hourly rates would total $345,915.78.

Petitioner now moves for an order directing New York to pay additional fees of $162,356.74, the difference between the fees paid by New York based on the rates it had agreed to and the fees that petitioner would receive in accordance with its usual billing rates. New York has already paid petitioner for its total hours spent representing Rubin; petitioner seeks only an increase in the hourly rates for the same number of hours.

## DISCUSSION

■ Petitioner makes this motion under the Public Officers Law discussed above. That statute, after providing that New York shall pay reasonable attorneys' fees when a state employee is represented by private counsel, provides:

> Any dispute with respect to the amount of the litigation expenses or the reasonableness of attorneys' fee shall be resolved by the court upon motion or by way of a special proceeding.

Public Officers Law § 17(2)(b) (McKinney 1988).

Because petitioner's application is made pursuant to the Public Officers Law, it is a state law claim. Petitioner, a New York law firm, has not alleged diversity of citizenship between it and the State of New York. Thus, there is no independent basis for the exercise of federal jurisdiction over the application. Rather, petitioner argues that principles of ancillary jurisdiction give this court subject matter jurisdiction over its motion for payment by New York State.

■ Under the doctrine of ancillary jurisdiction, a federal court can decide matters, over which it does not otherwise have subject matter jurisdiction, that are incidental to a case properly before it. *Owen Equipment Corp. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The Second Circuit has said that ancillary jurisdiction

> allows a district court once it has acquired jurisdiction over a case or controversy to decide matters incident to the

main claim which otherwise could not be asserted independently.... The scope of ancillary jurisdiction is not well defined and its application requires a consideration of factors similar to those consulted when exercising pendent jurisdiction.

*Federman v. Empire Fire and Marine Ins. Co.*, 597 F.2d 798, 810 (2nd Cir.1979) (citations omitted).

■ Ancillary jurisdiction differs from pendent jurisdiction in that it concerns claims made by a party other than the plaintiff. *Owen Equipment*, 437 U.S. at 376, 98 S.Ct. at 2404; *Federman*, 597 F.2d at 810. Indeed, "ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court." *Owen Equipment*, 437 U.S. at 376, 98 S.Ct. at 2404.

■ In support of its argument for exercise of ancillary jurisdiction over its claim against the State of New York, petitioner cites two cases which hold that a district court has ancillary jurisdiction over fee disputes between litigants and their attorneys. *See Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256–257 (2d Cir. 1988); *Petition of Rosenman Colin Freund Lewis & Cohen*, 600 F.Supp. 527, 531 (S.D.N.Y.1984). It is well settled in this circuit that a district court may exercise ancillary jurisdiction for the limited purpose of hearing fee disputes and lien claims between parties before it and their attorneys, when the disputes relate to the main action. *See, e.g., Cluett, Peabody; National Equip. Rental Ltd. v. Mercury Typesetting Co.*, 323 F.2d 784, 786 (2d Cir. 1963).

This type of ancillary jurisdiction, however, has been extended only to fee disputes between litigants in the main action and their attorneys. Petitioner has cited no case, and I have found none, that extends ancillary jurisdiction to an application by an attorney in the main action for fees from someone other than a party to that

action. In this case, New York was not a party to the underlying § 1983 action.

 Although no authority supports the exercise of ancillary jurisdiction over a claim for attorneys' fees against an entity that is not a party to the action before the court, petitioner seeks to expand the doctrine of ancillary jurisdiction to cover its claim against New York for fees. Ancillary jurisdiction cannot stretch that far, however, because the Eleventh Amendment deprives this court of the power to entertain petitioner's claim. Under the Eleventh Amendment, a state cannot be sued in federal court without its consent, *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Ford Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), and New York has not consented to be sued in federal court on claims brought under § 17 of the Public Officers Law.

In order to waive Eleventh Amendment immunity, a state statute "must specify the State's intention to subject itself to suit in *federal* court." *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146–47, 87 L.Ed.2d 171 (1985) (emphasis in original). Section 17(2)(b), upon which petitioner's claim is based, does not do so. State and federal courts have concurrent jurisdiction over § 1983 actions against state employees. Thus, the provision in § 17(2)(b) that disputes over attorneys' fees "shall be resolved by the court upon motion or by way of a special proceeding" can be read to mean that the proper procedure is a motion when the underlying action is in state court, or a special proceeding when it is in federal court. Because the provision reasonably can be construed in that manner, it does not clearly express an intention to allow motions directing the state to pay attorneys' fees to be brought in federal court and does not waive New York's Eleventh Amendment immunity against petitioner's claim.

## CONCLUSION

A federal court has no independent basis of jurisdiction over this motion, and the doctrine of ancillary jurisdiction does not extend to a claim by counsel for defendant against a non-party state without an express waiver of the Eleventh Amendment. Petitioner's motion is therefore denied.

SO ORDERED.